NEW YORK PRACTICE REPORTS. 443

The People *ex rel.* Levy agt. Third District Court.

# N. Y. SUPERIOR COURT.

THE PEOPLE *ex rel.* LEVY agt. THE THIRD DISTRICT COURT, and GEORGE W. PARKER, justice.

*Summary proceedings for non-payment of rent — Jurisdiction of district courts limited to premises situated in their district.*

Under the act of 1877 (*Laws of* 1877, *chapter* 187), (which act is still in force) the jurisdiction of the district courts of the city of New York in summary proceedings to obtain the possession of lands, is limited to premises situated within their judicial district (See note at end of case, p. 445).

*Special Term, August,* 1879.

ON August 19, 1879, summary proceedings were instituted before justice PARKER against the relator for non-payment of rent on behalf of Edward Dodd.

On return of the summons a motion was made before justice PARKER, on behalf of the tenant, to dismiss, on the ground that the premises sought to be recovered were not located in the third judicial district, claiming that under the act of 1877 the jurisdiction of the district courts was limited to premises situated within their judicial district, and that said act was still in full force.

Justice PARKER denied the motion and ordered the trial of the case to proceed.

Application was thereupon made to judge SEDGWICK, of the superior court, and an order was granted directing justice PARKER to show cause why a writ of prohibition should not issue against him, restraining him from further proceeding with the trial.

*Henry L. Williams,* for relator.

*J. T. Lovejoy,* opposed.

SEDGWICK, *J.*— The Revised Statutes, before the act of 1877, was that any tenant, &c., might be removed, &c., "by any one of the justices of the district court of the city of New York," in the manner and case provided. The act (*chap.* 187, *April* 28, 1877) did not, in my opinion, repeal this provision or any part of it. It only restrained its general operation. The act of 1877 did not profess to give jurisdiction. No word in it authorized any justice to remove a tenant. It declared that no justice of a district court should have jurisdiction, unless the premises were within his judicial district. The act of · 1879 (*March* 22, *chap.* 101) restates the provision, for the purpose only of inserting an amendment which had no relation to the provision in question.

Before the act of 1879 the Revised Statutes, on this point, was the same as after the act was passed. Reiterating it, for the purpose designated, does not show that the legislative intent was to annul the act of 1877, which did not affect the substance of the amendment.

An extreme but pertinent illustration might be given : Suppose the act of 1879 was, viz., the Revised Statutes shall read as follows, giving the Revised Statutes, excepting the word subtenant, instead of undertenant. There would be the same reason as now for insisting that the provision in question was a new enactment had from the meaning of the act of 1877.

There would be no doubt on this subject, if the legislature had said, between such and such words of the Revised Statutes, the amendment, as given in the act of 1879, shall be inserted.

The act of 1879 said, section 28, &c., of the Revised Statutes shall read : " Any tenant, &c., may be removed by any one of the justices of the district court of the city of New York." What was the meaning of these words ? It is not different from the meaning of the same words with the same limitation that were in the Revised Statutes before the act.

I, therefore, am of opinion that the act of 1877 is in full

The People *ex rel.* Van Wyck agt. Police Commissioners.

force. I, yesterday, made a mistake in construing the second proviso of the first section of that act. It does not refer to a proceeding that concerns premises out of the judicial district.

It follows that the justice has no jurisdiction of the proceeding.

NOTE.— In the case of *James Smith* agt. *John McDonough and others,* the premises were situated in the seventh district of the city of New York, and the proceedings were instituted before FREDERICK G. GEDNEY, justice, in the eighth district, on the 1st day of May, 1879. McDonough demanded a jury, and the case was tried before WILLIAM H. KELLY, justice (acting in the place of judge GEDNEY), and a jury. The jury rendered a verdict in favor of the landlord, but justice KELLY refused to sign the warrant upon the ground that the premises were not situated in that district, the eighth.

An application was made to judge DONOHOE for a *mandamus* to compel justice KELLY to sign the warrant to dispossess the tenant, and, after argument, judge DONOHOE granted the motion that a *mandamus* should issue, thereby holding adversely to the decision of judge SEDGWICK. [ED.